UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURJIT SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. 2:20-cr-00157-TLN<br><br>**ORDER** |

This matter is before the Court on Petitioner Surjit Singh's ("Petitioner") Petition for Writ of Error Coram Nobis. (ECF No. 3.) The Government filed an opposition/motion to dismiss the petition. (ECF No. 13.) Petitioner filed a reply/opposition to the motion to dismiss the petition. (ECF No. 16.) For the reasons set forth below, the Court DISMISSES the Petition.

///
///
///
///
///
///
///
///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2014, Petitioner, a citizen of India, pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance and a controlled substance analogue in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, 802(32)(a), and one count of conspiracy to commit benefits fraud in violation of 18 U.S.C. § 371, 7 U.S.C. § 2024(b). (ECF No. 3-1 at 2.) On June 1, 2015, Petitioner was sentenced to 30 months imprisonment with a three-year term of supervised release. (*Id.*)

Prior to his conviction, Petitioner was a lawful permanent resident of this country. (*Id.*) Petitioner was granted political asylum based on the persecution and torture suffered by his father due to his father's support of the Khalistan movement in India. (*Id.*) Petitioner's wife and two children are United States citizens. (*Id.*) Following his § 841(a)(1) conviction, Petitioner lost his residency status, was ordered removed from the United States, and all defenses against removal were denied. (*Id.* at 4.)

Petitioner subsequently filed a habeas petition pursuant to 28 U.S.C. § 2255 and a petition for a writ of coram nobis in the District of Nevada. (ECF No. 13 at 2–3.) Both petitions raised issues of ineffective assistance of counsel, similar to but not the same as those raised in the instant petition. (ECF No. 16 at 9–13.) On August 18, 2020, the District of Nevada transferred jurisdiction to this Court pursuant to 18 U.S.C. § 3605 ("§ 3605") and on August 26, 2020, this Court accepted jurisdiction. (ECF No. 1.) On January 24, 2023, Petitioner filed the instant petition for a writ of error coram nobis.

### II. STANDARD OF LAW

The writ of coram nobis is available in criminal matters to remedy manifest errors and grave injustices. *See United States v. Morgan*, 346 U.S. 502 (1954); *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015); *Korematsu v. United States*, 584 F. Supp. 1406, 1413 (N.D. Cal. 1984) ("[E]xtraordinary instances require extraordinary relief, and the court is not without power to redress its own errors"); *see generally United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990) ("[F]ederal courts may properly fill in the interstices of the federal post-conviction remedial framework through remedies available at common law"). The Court's power to grant

1  coram nobis relief lies in the All Writs Act.  28 U.S.C. § 1651(a); *see also United States v.*
2  *Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002).

3  The writ of coram nobis is available when the following four requirements are satisfied:
4  "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction
5  earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or
6  controversy requirement of Article III; and (4) the error is of the most fundamental character."
7  *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see also United States v. Kwan*,
8  407 F.3d 1005, 1011 (9th Cir. 2005); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir.
9  2002).  In reviewing a motion for coram nobis relief, a federal court is required to hold an
10 evidentiary hearing "unless the motion and the files and records of the case conclusively show
11 that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648
12 F.2d 565, 573, n. 25 (9th Cir. 1981) (stating that "[w]hether a hearing is required on a coram
13 nobis motion should be resolved in the same manner as habeas corpus petitions.").

14  **III.  ANALYSIS**

15  The Court turns first to the issue of jurisdiction.  Petitioner admits "[t]here is scant
16 authority on the issue of whether a transferee court after a § 3605 transfer has jurisdiction to
17 decide a coram nobis petition filed in the transferee court."  (ECF No. 8 at 2.)  Nonetheless,
18 Petitioner identified two cases with relevant but competing holdings: (1) *United States v. Stine*,
19 No. CR 97-00512-PHX-JJT, 2018 WL 2272806, at *2 (D. Ariz. Mar. 7, 2018), *report and*
20 *recommendation adopted sub nom. Stine v. USA*, No. 17-cv-02050-PHX-JJT-MHB, 2018 WL
21 2267839 (D. Ariz. May 17, 2018), which held a § 3605 transferee court has jurisdiction over a
22 subsequently filed coram nobis petition; and (2) *United States v. Goddard*, No. CR 5:07-134-
23 DCR, 2021 WL 4189606, at *2 (E.D. Ky. Sept. 14, 2021), which held a writ of coram nobis can
24 only be filed in the court were the alleged error occurred.  Petitioner argues this Court should
25 follow the reasoning in *Stine*.  (ECF No. 8 at 5–8.)

26  The Government disagrees and argues this Court lacks jurisdiction in the instant case.
27 Specifically, the Government argues "coram nobis relief must be sought in the court in which the
28 sentence was imposed."  (ECF No. 13 at 5.)  The Government further contends Petitioner "fails to

demonstrate [this Court] . . . has jurisdiction over his coram nobis petition." (*Id.*) The Government then advances a broad argument that "federal district courts universally recognize coram nobis jurisdiction is limited to the federal district court-of-conviction with original jurisdiction." (*Id.* at 6.)

The jurisdictional question in this case is narrow: whether a transfer of jurisdiction pursuant to 18 U.S.C. § 3605 can provide the district court to which jurisdiction is transferred jurisdiction to hear a petition for a writ of coram nobis. The Government's opposition/motion to dismiss is unhelpful in answering this question. The Government argues this Court is a "*former*" court of supervision — implying this Court was somehow divested of jurisdiction, generally, once Petitioner's supervised release term expired. (ECF No. 13 at 1.) The Government, however, cites no authority supporting this proposition. This is surprising given the extent to which the Government relies on this argument. (*Id.* at 1, 4, 5, 6, 7 (referring to this Court as the "former" court of supervision no less than eleven times in their opposition/motion to dismiss).) The Government also relies heavily on the baseline argument that "coram nobis relief must be sought in the court in which the sentence was imposed." (*Id.* at 5.) This point, however, is not at issue in the present case. This Court accepts and Petitioner concedes the general rule is a petition for a writ of coram nobis must be filed with the sentencing court. (*See* ECF No. 16 at 1–7.) The issue here is different. This Court must determine how, if at all, the transfer of jurisdiction pursuant to § 3605 affects this general rule. As Petitioner aptly outlines in their reply/opposition, the Government's argument fails to adequately address this issue. Indeed, almost all the cases cited by the Government involve procedural postures inapposite to the present case and/or answer questions not at issue here. (ECF No. 16.) For these reasons, the Court finds the Government's jurisdictional argument unpersuasive.[1]

---

[1] The Government also asserts the petition was filed for nefarious purposes stating, the "petition is a delay of deportation scheme upon this [Court]" and contending the Petition amounts to "outrageous manipulation of this federal district court." (ECF No. 13 at n. 3.) The Government provides no evidence supporting these serious allegations and the Court can find none. Rather, it appears this Petition has no effect on Petitioner's immigration proceedings and thus could not be a "delay of deportation scheme," a fact supported by Exhibit A of Petitioner's opposition/reply. (ECF No. 16-1.) The Court cautions the Government against alleging such

4

     Petitioner's argument comes closer to answering the jurisdictional question — relying on *United States v. Stine* for support. Though the Court agrees *United States v. Stine* supports Petitioner's position, the Court disagrees with its reading of § 3605. Section 3605 provides "[a] court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605. Section 3605 further states "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." *Id. Stine* interprets this jurisdictional transfer broadly, finding § 3605 is not limited to a transfer of supervised release but a transfer of the case as a whole. *Stine*, 2018 WL 2272806, at *2 ("Since the transfer of jurisdiction to the Southern District of Texas over Movant's supervised release violation was proper, this Court lacks jurisdiction to address Movant's writ of Coram Nobis."). This Court disagrees with this broad reading.

     The final sentence of § 3605 though seemingly expansive, acts as a jurisdictional limit. It authorizes the transferee court to "exercise all powers over the probationer or releasee that are permitted by . . . [subchapter A of Chapter 229] or subchapter B or D of chapter 227." 18 U.S.C. § 3605. Subchapter A of Chapter 229 relates to post-sentence administration of probation, subchapter B of chapter 227 governs sentences of probation, and subchapter D of chapter 227 governs sentences of imprisonment. 18 U.S.C. Pt. II, Chs. 227, 229. Therefore, the transferee court only retains jurisdiction over discrete components of a criminal case — post-sentence probation (now supervised release) and sentencing (including imprisonment, supervised release, and modifications thereof). Section 3605 is silent as to any other transfer of jurisdiction. Section 3605, thus, is a transfer of limited not general jurisdiction of a criminal case.

     In the instant case, Petitioner seeks coram nobis relief based on ineffective assistance of trial counsel. (ECF No. 3.) The petition asks the Court to "issue a writ of error coram nobis

---

impropriety in the future without facts or evidence to support such claims.

5

1  vacating his conviction and sentence . . . ."² (ECF No. 3-1 at 26.)  This Court, however, has no

2  jurisdiction over Petitioner's conviction.  As noted above, the transfer of jurisdiction pursuant to

3  § 3605 only empowers this Court to "exercise all powers over the probationer or releasee that are

4  permitted by . . . [subchapter A of Chapter 229] or subchapter B or D of chapter 227."  Because

5  none of these subchapters provide for the transfer of general jurisdiction or jurisdiction over the

6  conviction, this Court remains without jurisdiction over those areas of Petitioner's original case.

7      This Court's holding is narrow — finding only that a § 3605 transferee court lacks

8  jurisdiction to hear a coram nobis petition that seeks vacatur of a conviction imposed by the

9  original, transferor court.  Because the petition for a writ of error coram nobis seeks vacatur of

10  Petitioner's conviction imposed by the original, transferor court, this Court lacks jurisdiction to

11  address the petition and the petition must be dismissed.³

12      **IV.**    **CONCLUSION**

13      For the foregoing reasons, the Court hereby DISMISSES Petitioner's Petition for Writ of

14  Error Coram Nobis. (ECF No. 3.) The Government motion to dismiss (ECF No. 13) is DENIED

15  as moot.

16      IT IS SO ORDERED.

17  Date: September 5, 2023

18                               Troy L. Nunley
                             United States District Judge

---

²     The petition alleges ineffective assistance of counsel at the plea stage of Petitioner's criminal proceedings — primarily arguing trial counsel misadvised Petitioner of the immigration consequences of the plea agreement and failed to negotiate a more immigration-friendly plea agreement, amongst other related arguments. (ECF No. 3.) Granting such relief requires jurisdiction over the conviction. Indeed, vacatur of the sentence would have no effect on the immigration consequences Petitioner currently faces, nor would it remedy the alleged error outlined in the petition. Any vacatur of the sentence would be premised on vacatur of the conviction. The petition, thus, is properly framed as a challenge to Petitioner's conviction not his sentence.

³     Because the Court finds it lacks jurisdiction to address the petition for a writ of error coram nobis, the Court does not reach the merits of the petition.